UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00016-TBR

DEBRA HUNT                                                                                                                    Plaintiff

v.

WALTER A. SMITH ENTERPRISES                                        Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Debra Hunt's Motion to Remand. (Docket No. 6.) Defendant Walter A. Smith Enterprises has responded in opposition, (Docket No. 7), and Plaintiff has replied, (Docket No. 8). This matter now is ripe for adjudication. For the following reasons, the Court will DENY Plaintiff's Motion to Remand.

BACKGROUND

This case arises from a slip-and-fall accident at a rest stop facility in Christian County, Kentucky. Specifically, Plaintiff alleges she "suffered serious and permanent injuries" when she fell at a rest area operated and maintained by Defendant. (Docket No. 1-1, at 2.) Plaintiff originally filed this action in Christian Circuit Court on January 13, 2014. (Docket No. 1-1, at 1.) In her Complaint, Plaintiff alleges the following damages: (1) temporary and permanent mental and physical pain and suffering, (2) temporary and permanent impairment of her earning capacity, (3) medical expenses; (4) "loss of her ability to lead and enjoy a normal life," and (5) present and future lost wages. (Docket No. 1-1, at 2-3.) The Complaint requests no specific amount of damages and states only

that Plaintiff's damages exceed the minimum jurisdictional amount for Kentucky circuit courts. Defendant timely removed this action on January 30, 2014, on the basis of diversity jurisdiction. (Docket No. 1.)

Plaintiff is a Florida resident, and Defendant is a Delaware corporation with its principal place of business in Texas. The parties do not dispute that diversity of citizenship exists between the parties. However, Plaintiff argues that Defendant has not met its burden of establishing that the $75,000 amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332 is satisfied.

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has original diversity jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a).

A defendant seeking removal bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This standard, however, "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* (quoting *Gafford*, 997 F.2d at 158). In determining whether a defendant has met its burden, the Court must look to

the damages alleged at the time of removal. *Id.* at 573. The amount-in-controversy requirement is satisfied if a "fair reading" of the complaint makes it more likely than not that the damages exceed $75,000. *Id.*

Thus, the principal issue before the Court is whether the amount in controversy exceeds $75,000. The Court has addressed this issue in a varied number of factual circumstances on multiple occasions. *See, e.g.*, *Winburn v. Metro. Direct Prop. & Cas. Ins. Co.*, 2007 WL 891865 (W.D. Ky. March 20, 2007); *Shofner v. Mid-America Harborside Healthcare*, 2007 WL 433118 (W.D. Ky. Feb. 5, 2007); *Sparks v. Wal-Mart Stores, Inc.*, 2007 WL 101850 (W.D. Ky. Jan. 10, 2007). Despite the Court's familiarity with the issue, Congress recently amended the procedure for removing certain civil actions. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat. 760, 762 (amending 28 U.S.C. § 1446). Of specific importance to the present case is the addition of 28 U.S.C. § 1446(c)(2).

As amended, § 1446(c)(2)(A)(ii) permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.* § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings. *See* Ky. R. Civ. P. 8.01(2), 54.03(2). Therefore, the issue remains whether Defendant has

shown that it is more likely than not that the amount in controversy exceeds $75,000. Upon reviewing the record, the Court finds that Defendant has made such a showing.

Defendant has produced a July 30, 2013, demand letter sent to its insurance carrier by Plaintiff's counsel in which Plaintiff offers to settle her claim for the policy limit. (Docket No. 7-2.) Defendant also has produced an affidavit stating that its liability limit for personal injury under the policy is $1,000,000 per occurrence. (Docket No. 7-1, at 1.) In addition to her demand for the policy limit, Plaintiff's July 30 letter states that she suffered a "[r]ight hip fracture necessitating an open reduction, internal fixation and right knee injury." (Docket No. 7-2, at 2.) Defendant avers that Plaintiff's July 30 letter also included an itemized summary of "special damages" totaling $52,051.86 in medical treatment already incurred.[1] (Docket No. 7, at 4.) Defendant also has produced a November 12, 2013, email from a paralegal for Plaintiff's counsel, reiterating Plaintiff's demand for the policy limit: "[I]f you still refuse to tender policy limits on this claim, you are subjecting your insured to damages above and beyond the limits and your company to a bad faith claim." (Docket No. 7-3, at 1.)

As this Court previously has noted, "for purposes of determining whether a defendant has met its burden of proof in seeking removal based on diversity jurisdiction, [a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Osborne v. Pinsonneault*, 2007 WL 710131, at *2 (W.D. Ky. Mar. 2, 2007) (alteration in original) (citations omitted) (internal quotation marks omitted); *see also Conder v. Best Value Inc.*, 2008 WL 4601915, at *2

---

[1] Though this itemized summary does not appear to be attached with Defendant's Response, (*see* Docket No. 7-2), Plaintiff's Reply does not contest Defendant's summary of that document, (*see* Docket No. 8).

(W.D. Ky. Oct. 15, 2008); *accord Whisman v. Perdue Farms, Inc.*, 2007 WL 1150287, at *1 (E.D. Ky. Apr. 18, 2007). The July 30, 2013, letter is certainly evidence that Plaintiff sought more than $75,000 before removal. Furthermore, the Court notes that Plaintiff has made no offer to stipulate to an amount in controversy below the jurisdictional threshold. *Cf. Spence v. Centerplate*, 2013 WL 1163991, at *2 (W.D. Ky. Mar. 21, 2013) (recognizing that a plaintiff may unequivocally stipulate that she neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation may destroy the amount-in-controversy requirement for § 1332 jurisdiction). Regardless whether $1,000,000 (the policy limit) reasonably reflects Plaintiff's damages, the Court is satisfied, in view of the evidence of record and based on a fair reading of her Complaint and the nature and types of damages alleged, that Defendant has carried its burden of showing that the amount in controversy more likely than not exceeds $75,000.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand, (Docket No. 6), is DENIED.

Date:

cc: Counsel